**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |
|---|---|
| BAOXUN ZHU,<br><br>                 Plaintiff,<br><br>v.<br><br>THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A,<br><br>                 Defendants. | Civil Action No. __1:24-cv-04104_____<br><br>**JURY TRIAL DEMANDED**<br><br>**PUBLIC REDACTED VERSION** |

<u>**COMPLAINT**</u>

1.      Plaintiff, Baoxun Zhu ("Plaintiff"), by his undersigned counsel, hereby files this Complaint against the Individuals, Corporations, Limited Liability Companies, Partnerships and Unincorporated Associations identified on Schedule A attached hereto (collectively, "Defendants"), and for his Complaint hereby alleges as follows:

2.      This is an action for trademark counterfeiting and infringement of Plaintiff's federally-registered, incontestable, trademark under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), for unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and for substantial and related claims of violating the Unfair Deceptive Trade Practice Act (815 ILCS § 510, *et seq.*) under the statutory and common laws of the State of Illinois, all arising from the Defendants' unauthorized use of spurious designations identical to, or substantially indistinguishable from, Plaintiff's mark in connection with the manufacture, distribution, marketing, promotion, offering for sale, and/or sale of Defendants' counterfeit goods.

- 1 -

3.     Plaintiff is forced to file this action to combat Defendants' infringement of its federally registered incontestable trademark and to protect unknowing consumers from purchasing unauthorized products over the Internet. Plaintiff has been irreparably damaged by Defendants' infringement and seeks injunctive and monetary relief.

**JURISDICTION AND VENUE**

4.     This Court has subject matter jurisdiction over the claims in this action pursuant to the provisions of the Lanham Act, 15 U.S.C. § 1121, 28 U.S.C. § 1338(a)–(b) and 28 U.S.C. § 1331. This Court has jurisdiction over the claims in this action that arise under the laws of the State of Illinois pursuant to 28 U.S.C. § 1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

5.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendants since each of the Defendants directly targets consumers in the United States, including Illinois, through at least the fully interactive commercial Internet stores operating under the online marketplace accounts identified in Schedule A attached hereto (collectively, the "Defendant Internet Stores"). Specifically, Defendants are reaching out to do business with Illinois residents by operating one or more commercial, interactive Internet Stores through which Illinois residents can purchase products bearing counterfeit versions of Plaintiff's trademarks. Each of the Defendants has targeted sales from Illinois residents by operating online stores that offer shipping to the United States, including Illinois, accept payment in U.S. dollars and, on information and belief, has sold products bearing counterfeit versions of Plaintiff's federally registered trademarks to residents of Illinois. Each of the Defendants is committing tortious acts in Illinois, is engaging in interstate commerce, and has wrongfully caused Plaintiff substantial injury in the State of Illinois.

- 2 -

6.     This Court also has personal jurisdiction over Defendants under Fed. R. Civ. P. 4(k)(2) because they are foreign Defendants that can be sued anywhere in the United State, are not subject to jurisdiction to any state's courts of general jurisdiction, and exercising jurisdiction is consistent with the Trademark laws and the United States Constitution.

## INTRODUCTION

7.     This action has been filed to combat online trademark infringers who trade upon Plaintiff's reputation and goodwill and valuable trademark by selling and/or offering for sale products, hereinafter referred to as the "Accused Products," in connection with Plaintiff's federally registered trademark which is covered by U.S. Trademark Registration No. ████████ (hereinafter the "Asserted Trademark"). The registration is valid, subsisting, unrevoked, and uncancelled. The registration has attained incontestable status, and an incontestability affidavit has been filed with the United States Patent and Trademark Office on ███████. The registration for the Asserted Trademark constitutes prima facie evidence of validity and of Plaintiff's exclusive right to use the Asserted Trademark pursuant to 15 U.S.C. § 1057(b). A genuine and authentic copy of the U.S. federal trademark registration certificate for the Asserted Trademark is attached as Exhibit 1.

8.     Plaintiff engages in online sales of products bearing the Asserted Trademark and diligently polices the use of the Asserted Trademark. However, the rise of online retailing, coupled with the ability of e-commerce sites to hide their identities, has made it nearly impossible for policing actions to be undertaken against the swarm of counterfeiters since availing himself of takedown procedures to remove infringing products would be an ineffective and endless game of whack-a-mole against the mass counterfeiting that is occurring over the Internet. The aggregated effect of the mass counterfeiting that is taking place has overwhelmed Plaintiff and his ability to police his rights against the multitude of anonymous defendants which are selling illegal counterfeits at prices below an original:

- 3 -



9.    Plaintiff has been and continues to be irreparably damaged through consumer confusion, loss of control over his reputation and good-will as well as the quality of goods bearing the Asserted Trademark.

10.    Schedule A shows the use of store names by the Defendant Internet Stores that employ no normal business nomenclature and, instead, have the appearance of being made up.

## THE PLAINTIFF AND HIS TRADEMARK

11.    Plaintiff is an individual who reside in China and is a Chinese citizen.

12.    Plaintiff is in the business of developing, marketing, selling and distributing products bearing the Asserted Trademark.

13.    Plaintiff is the owner of the Asserted Trademark and has used it exclusively and continuously in interstate commerce in the United States in connection with ███████████ ██████████████████████████████. The registration of the Asserted Trademark is valid, subsisting, in full force and effect. The registration has attained incontestable status, and an incontestability affidavit has been filed with the United States Patent and Trademark Office on ███████████. The registration of the Asserted Trademark constitutes prima facie evidence of its validity and of Plaintiff's exclusive right to use the Asserted Trademark pursuant to 15 U.S.C. § 1057(b).

14.    Plaintiff has invested substantial time, money and effort in building up and developing consumer recognition, awareness, and goodwill in products bearing the Asserted Trademark.

15.    The success of the products bearing the Asserted Trademark is due in large part to Plaintiff's marketing, promotional, and distribution efforts. These efforts include retailer websites and other internet-based advertising and other efforts both in the United States and internationally.

- 5 -

16.     Plaintiff's success is also due to the use of high-quality materials and standards in making the products bearing the Asserted Trademark.

17.     Additionally, Plaintiff owes a substantial amount of the success of the products bearing the Asserted Trademark to consumers and interest that consumers have generated.

18.     Plaintiff sells goods bearing the Asserted Trademark in online sales, both directly and through storefronts on online sales platforms such as ███████████████.

19.     Plaintiff offers and sells his goods bearing his Asserted Trademark to members of the consuming public ██████████████████████████████████████████ ██████████████████████████████.

20.     As a result of Plaintiff's efforts, the quality of his products bearing his distinctive Asserted Trademark, and the promotional efforts for such products, members of the public have become familiar with such products and with the Asserted Trademark and associate them exclusively with Plaintiff. Plaintiff has acquired a valuable reputation and goodwill among the public as a result of such association and thus owns valid and subsisting federal statutory and common law rights to the Asserted Trademark.

21.     Plaintiff has made efforts to protect his interests in and to the Asserted Trademark and the products bearing the Asserted Trademark. No one other than Plaintiff and his current and future licensees is authorized to manufacture, import, export, advertise, offer for sale, or sell any goods utilizing the Asserted Trademark without the express written permission of Plaintiff.

## THE DEFENDANTS

22.     Defendants are individuals and business entities who, upon information and belief, reside in the People's Republic of China or other foreign jurisdictions. Defendants conduct business throughout the United States, including within Illinois and in this Judicial District, through the operation of the fully interactive commercial websites and online marketplaces

operating under the Defendant Internet Stores. Each Defendant targets the United States, including Illinois, and has offered to sell and, on information and belief, has sold and continues to sell unauthorized products bearing the Asserted Trademark to consumers within the United States, including Illinois and in this Judicial District.

## THE DEFENDANTS' UNLAWFUL CONDUCT

23.　The success of the products bearing the Asserted Trademark has resulted in their counterfeiting and intentional copying.

24.　Upon information and belief, Defendants conduct their illegal operations through fully interactive commercial websites hosted on various e-commerce sites, such as, but not limited to, ▮▮▮▮▮▮▮ ("Infringing Webstores"). Each Defendant targets consumers in the United States, including the State of Illinois, and has offered to sell and, on information and belief, has sold and continues to sell counterfeit products that violate Plaintiff's intellectual property rights ("Counterfeit Products") to consumers within the United States, including the State of Illinois.

25.　Upon information and belief, the Defendant Internet Stores intentionally conceal their identities and the full scope of their counterfeiting operations in an effort to deter Plaintiff from learning Defendants' true identities and the exact interworking of Defendants' illegal counterfeiting operations. Through their operation of the Infringing Internet Stores, Defendants are directly and personally contributing to, inducing and engaging in the sale of Counterfeit Products as alleged.

26.　Upon information and belief, at all times relevant hereto, the Defendants in this action have had full knowledge of Plaintiff's ownership of the Asserted Trademark, including his exclusive right to use and license such intellectual property and the goodwill associated therewith.

27.     Defendants' use of the Asserted Trademark on or in connection with the advertising, marketing, distribution, offering for sale and sale of the Counterfeit Products is likely to cause and has caused confusion, mistake and deception by and among consumers and is irreparably harming Plaintiff.

28.     Defendants, without authorization or license from Plaintiff, knowingly and willfully used and continue to use the Asserted Trademark in connection with the advertisement, offer for sale and sale of the Counterfeit Products. Plaintiff did not manufacture, inspect or package the Counterfeit Products and did not approve the Counterfeit Products for sale or distribution.

29.     Upon information and belief, Defendants also deceive unknowing consumers by using the Asserted Trademark without authorization within the content, text, and/or meta tags of the listings on Infringing Internet Stores in order to attract various search engines crawling the Internet looking for websites relevant to consumer searches for authorized products bearing the Asserted Trademark and in consumer product searches within the Defendant Internet Stores.

30.     Upon information and belief, Defendants will continue to register or acquire listings for the purpose of selling Counterfeit Products that infringe upon the Asserted Trademark unless preliminarily and permanently enjoined.

31.     Defendants' acts are causing, and unless restrained, will continue to cause damage and immediate irreparable harm to Plaintiff and to his valuable reputation and goodwill with the consuming public for which Plaintiff has no adequate remedy at law.

## COUNT I

## TRADEMARK INFRINGEMENT AND COUNTERFEITING (15 U.S.C. § 1114)

32.     Plaintiff repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

33.     Without Plaintiff's authorization or consent, with knowledge of Plaintiff's well-known and prior rights in his Asserted Trademark and with knowledge that Defendants' Counterfeit Products bear counterfeit marks, Defendants intentionally reproduced, copied, and/or colorably imitated the Asserted Trademark and/or used spurious designations that are identical with, or substantially indistinguishable from, the Asserted Trademark on or in connection with the manufacturing, import, export, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products.

34.     Defendants have manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale, and/or sold their Counterfeit Products to the purchasing public in direct competition with Plaintiff, in or affecting interstate commerce, and/or have acted with reckless disregard of Plaintiff's rights in and to the Asserted Trademark through their participation in such activities.

35.     Defendants have applied their reproductions, counterfeits, copies, and colorable imitations of the Asserted Trademark to packaging, point-of-purchase materials, promotions, and/or advertisements intended to be used in commerce upon, or in connection with, the manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, and/or selling of Defendants' Counterfeit Products, which is likely to cause confusion, mistake, and deception among the general purchasing public as to the origin of the Counterfeit Products, and is likely to deceive consumers, the public and the trade into believing that the Counterfeit Products sold by Defendants originate from, are associated with, or are otherwise authorized by Plaintiff, thereby making substantial profits and gains to which they are not entitled in law or equity.

36. Defendants' unauthorized use of the Asserted Trademark on or in connection with the Counterfeit Products was done with notice and full knowledge that such use was not authorized or licensed by Plaintiff, and with deliberate intent to unfairly benefit from the incalculable goodwill inherent in the Asserted Trademark.

37. Defendants' actions constitute willful counterfeiting of the Asserted Trademark in violation of 15 U.S.C. §§ 1114(1)(a)-(b), 1116(d), and 1117(b)-(c).

38. Defendants' continued, knowing, and intentional use of the Asserted Trademark without Plaintiff's consent or authorization constitutes intentional infringement of Plaintiff's federally registered Asserted Trademark in violation of §32 of the Lanham Act, 15 U.S.C. § 1114.

39. As a direct and proximate result of Defendants' illegal actions alleged herein, Defendants have caused substantial monetary loss and irreparable injury and damage to Plaintiff, his business, his reputation and his valuable rights in and to the Asserted Trademark and the goodwill associated therewith, in an amount as yet unknown, but to be determined at trial, for which Plaintiff has no adequate remedy at law, and unless immediately enjoined, Defendants will continue to cause such substantial and irreparable injury, loss, and damage to Plaintiff and his valuable Asserted Trademark.

40. Based on Defendants' actions as alleged herein, Plaintiff is entitled to injunctive relief, damages for the irreparable harm that Plaintiff has sustained, and will sustain, as a result of Defendants' unlawful and infringing actions, as alleged herein, and all gains, profits and advantages obtained by Defendants as a result thereof, enhanced discretionary damages, treble damages, and/or statutory damages of up to $2,000,000 per counterfeit mark per type of goods sold, offered for sale, or distributed and reasonable attorneys' fees and costs.

## COUNT II

## FALSE DESIGNATION OF ORIGIN, PASSING OFF & UNFAIR

## COMPETITION (15 U.S.C. § 1125(a) / LANHAM ACT § 43(a))

41.     Plaintiff repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

42.     Plaintiff, as the owner of all right, title, and interest in and to the Asserted Trademark has standing to maintain an action for false designation of origin and unfair competition under the Federal Trademark Statute, Lanham Act § 43(a) (15 U.S.C. § 1125).

43.     Plaintiff's Asserted Trademark is distinctive.

44.     Defendants' promotion, marketing, offering for sale, and sale of infringing Counterfeit Products has created and is creating a likelihood of confusion, mistake, and deception among the public as to the affiliation, connection, or association with Plaintiff or the origin, sponsorship, or approval of Defendants' infringing products by Plaintiff.

45.     By using the Asserted Trademark in connection with the sale of unauthorized products, Defendants create a false designation of origin and a misleading representation of fact as to the origin and sponsorship of the unauthorized products.

46.     Defendants' false designation of origin and misrepresentation of fact as to the origin and/or sponsorship of the unauthorized products to the general public is a willful violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125.

47.     Upon information and belief, Defendants' aforementioned wrongful actions have been knowing, deliberate, willful, intended to cause confusion, to cause mistake, and to deceive the purchasing public and with the intent to trade on the goodwill and reputation of Plaintiff, his products, and the Asserted Trademark.

48.     As a direct and proximate result of Defendants' aforementioned actions, Defendants have caused irreparable injury to Plaintiff by depriving Plaintiff of sales of his products and by depriving Plaintiff of the value of his Asserted Trademark as commercial assets in an amount as yet unknown, but to be determined at trial, for which he has no adequate remedy at law, and unless immediately restrained, Defendants will continue to cause substantial and irreparable injury to Plaintiff and the goodwill and reputation associated with the value of the Asserted Trademark.

49.     Plaintiff has no adequate remedy at law and, if Defendants' actions are not enjoined, Plaintiff will continue to suffer irreparable harm to his reputation and the goodwill of his brand.

## COUNT III

## VIOLATION OF ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT

## (815 ILCS § 510, *et seq.*)

50.     Plaintiff repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

51.     Defendants have engaged in acts violating Illinois law including, but not limited to, passing off their unauthorized products as those of Plaintiff, causing a likelihood of confusion and/or misunderstanding as to the source of their goods, causing a likelihood of confusion and/or misunderstanding as to an affiliation, connection, or association with genuine products, representing that their products have Plaintiff's approval when they do not, and engaging in other conduct which creates a likelihood of confusion or misunderstanding among the public.

52.     The foregoing Defendants' acts constitute a willful violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS § 510, *et seq.*

53.    Plaintiff has no adequate remedy at law, and Defendants' conduct has caused Plaintiff to suffer damage to his reputation and goodwill. Unless enjoined by the Court, Plaintiff will suffer future irreparable harm as a direct result of Defendants' unlawful activities.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1) That Defendants have violated Section 32 of the Lanham Act (15 U.S.C. § 1114); Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a));

2) That Defendants have violated the Illinois Uniform Deceptive Trade Practices Act (815 ILCS § 510, et seq);

3) That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

   a.   using the Asserted Trademark or any reproductions, copies, or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not an authorized product or is not authorized by Plaintiff to be sold in connection with the Asserted Trademark;

   b.   passing off, inducing, or enabling others to sell or pass off any product or not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale under the Asserted Trademark;

   c.   committing any acts calculated to cause consumers to believe that Defendants' Counterfeit Products are those sold under the authorization, control, or

supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

d. further infringing the Asserted Trademark and damaging Plaintiff's goodwill;

e. otherwise competing unfairly with Plaintiff in any manner;

f. shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not authorized by Plaintiff to be sold or offered for sale, and which bear the Asserted Trademark;

g. using, linking to, transferring, selling, exercising control over, or otherwise owning the Online Marketplace Accounts, or any other online marketplace account that is being used to sell products or inventory not authorized by Plaintiff which bear the Asserted Trademark;

4) That Defendants, within fourteen (14) days after service of judgment with notice of entry thereof upon them, be required to file with the Court and serve upon Plaintiff a written report under oath setting forth in detail the manner and form in which Defendants have complied with paragraph 1, a through g, above;

5) Entry of an Order that, upon Plaintiff's request, those in privity with Defendants and those with notice of the injunction, including any online marketplaces such as, but not limited to, ███████ social media platforms, Facebook, YouTube, LinkedIn, Twitter, Internet search engines such as Google, Bing and Yahoo, shall:

a. disable and cease providing services for any accounts through which Defendants engage in the sale of products not authorized by Plaintiff which bear

the Asserted Trademark, including any accounts associated with the Defendants listed on Schedule A;

b. disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of products not authorized by Plaintiff which bear the Asserted Trademark; and

c. take all steps necessary to prevent links to the Defendant Internet Stores identified on Schedule A from displaying in search results, including, but not limited to, removing links to the Defendant Internet Stores from any search index; and

6) That Defendants account for and pay to Plaintiff all profits realized by Defendants by reason of Defendants' unlawful acts herein alleged, and that the amount of damages for infringement be increased by a sum not exceeding three times the amount thereof as provided by 15 U.S.C. § 1117;

7) In the alternative, that Plaintiff be awarded statutory damages pursuant to 15 U.S.C. § 1117(c)(2) of $2,000,000 for each and every use of the Asserted Trademark;

8) That Plaintiff be awarded his reasonable attorneys' fees and costs;

9) Awarding Plaintiff interest, including prejudgment and post-judgment interest, on the foregoing sums; and

10) Award any and all other relief that this Court deems just and proper.

Plaintiff demands a trial by jury.

Dated on this 19th day of May, 2024.     Respectfully submitted,


_/s/  Zhangyuan Ji_____


Christopher Fahy (ILND Bar No. 6286130)
Zhangyuan Ji (ILND Bar No. 6336107)
ARCH & LAKE LLP
203 N. LaSalle St., Ste. 2100
Chicago, IL 60601
Phone: 312-558-1369
Fax: 312-614-1873
christopher@archlakelaw.com
ellen@archlakelaw.com


*Attorneys for Plaintiff Baoxun Zhu.*